**U. S. DISTRICT COURT**
**N. D. OF N. Y.**
**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

APR  8 2005

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AT_____ O'CLOCK_____M
LAWRENCE K. BAERMAN, Clerk
UTICA

ORISKA INSURANCE COMPANY,

                                    Plaintiff,

         vs                                                    02-CV-578

BROWN & BROWN OF TEXAS, INC.;
BROWN & BROWN, INC.; CONTRACTOR'S
ADVANTAGE, INC.; and SELLAR
ADMINISTRATION, INC.,
                                    Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

PETRONE & PETRONE, PC                           DAVID A. BAGLEY,  ESQ.
Attorneys for Plaintiff
2101 Genesee Street
Utica, NY 13501

PHILLIPS, LYTLE, HITCHCOCK,                     MICHAEL S. CERRONE, ESQ.
   BLAINE & HUBER, LLP                          EDWARD S. BLOOMBERG, ESQ.
Attorneys for Brown & Brown of Texas, Inc.
   and Brown & Brown, Inc.
3400 HSBC Center
Buffalo, NY 14203-2887

SMITH SOVIK KENDRICK & SUGNET, PC               JENNIFER L. PLOETZ, ESQ.
Attorneys for Contractor's Advantage, Inc.
   and Sellar Administration, Inc.
Suite 600
250 South Clinton Street
Syracuse, New York 13202-1252

DAVID N. HURD
United States District Judge

### MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

On April 26, 2002, plaintiff Oriska Insurance Company ("Oriska") filed suit against defendants Brown & Brown of Texas, Inc. ("B & B Texas"), Professional Employers Assurance Group ("PEAG"), and Mitchell Zogob ("Zogob"), who was the owner of PEAG, claiming that they falsely represented to insurance customers in Texas that they had the authority to issue certificates of insurance on Oriska's behalf.[1]  Defendants allegedly wrongfully issued the certificates which verified workers' compensation and employers' liability insurance issued by Oriska.  Brown & Brown, Inc. ("B & B Inc.") was added as an additional defendant on May 6, 2004, by amended complaint.  Plaintiff alleged that B & B Texas was an instrumentality of B & B Inc., and therefore, B & B Texas and B & B Inc. are engaged in an agency relationship.

Pursuant to Fed. R. Civ. Pro. 12(b)(2), defendant B & B Texas moves to dismiss for lack of personal jurisdiction.  Additionally, defendant B & B Inc. moves to dismiss for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6).  Alternatively, pursuant to 28 U.S.C. § 1404(a), both move to transfer venue to the Southern District of Texas.  Plaintiff opposes and cross moves for further discovery on the issue of personal jurisdiction.  Oral arguments were heard on this matter on November 12, 2002, in Utica, New York.  Decision was reserved.

---

[1]  The claims against defendants PEAG and Zogob, individually, were dismissed without prejudice on December 18, 2002.  PEAG and Zogob have since filed for bankruptcy.  The amended complaint again stated claims against PEAG and Zogob.  A summons and complaint was served on PEAG on June 1, 2004.  There has been no further activity regarding PEAG or Zogob.

II. **FACTS**

The underlying facts giving rise to this dispute are as follows.  In February 2002, Zogob entered into a Confidential Data Release and Indemnification Agreement with Oriska. The agreement granted Zogob access to Oriska's confidential business information in exchange for Zogob's promise to identify and procure persons interested in investing in Oriska.  Zogob, and/or his company PEAG, breached the agreement and misrepresented to B & B Texas that he was an agent of Oriska authorized to confer upon B & B Texas authority to bind Oriska to insurance coverage in Texas.  Then B & B Texas, acting as Oriska's authorized representative, issued approximately 8,000 certificates of insurance for the benefit of customer employers of a professional employer organization (defendants Contractor's Advantage, Inc. and Steller Administration, Inc.).[2]  The certificates indicated that plaintiff had issued those customers workers' compensation and employers' liability coverage.  Plaintiff claims to have been damaged because the customers who received such certificates have made claims on the insurance policies purportedly issued by it, but which it never gave Zogob, PEAG, or B & B Texas authority to issue.

Following plaintiff's initial filing of suit, the parties engaged in substantial motion practice.  B & B Texas moved to dismiss for lack of personal jurisdiction and was denied without prejudice while plaintiff was granted limited discovery on the issue of whether B & B

---

[2] Defendants, The Contractor's Advantage and Stellar Administration, were added in the amended complaint. On August 31, 2004, they moved to dismiss, or alternatively, to transfer to the Southern District of Texas. Following a cross motion by plaintiff for discovery relating to personal jurisdictional issues. both motions were adjudicated by stipulation as the parties agreed to withdraw their motions so that they could schedule a conference to set deadlines for completion of discovery. On February 11, 2005. Magistrate Judge Peebles stayed all deadlines pending the outcome of the instant motions.

Texas' relationship with non-party B & B Inc. would render it subject to jurisdiction in New York.  As noted, plaintiff then amended its complaint to add twelve causes of action against B & B Texas, including federal statutory claims and eight common law causes of action, and four new defendants including B & B Inc.  These motions have followed.

III. **STANDARD**

    A. **Fed. R. Civ. P. 12(b)(2)**

       On a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999) (citing Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1996)).  A plaintiff may carry this burden "by pleading in good faith . . . legally sufficient allegations of jurisdiction, i.e., by making a 'prima facie showing' of jurisdiction." Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 184 (2d Cir. 1998) (quoting Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990)).  Therefore, plaintiff may make a prima facie showing solely on the allegations.  Ball, 902 F.2d at 197.  Further, "all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor[.]" Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (quoting A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993)).

       In diversity cases the federal courts generally apply state law in deciding substantive questions and federal law in deciding procedural ones.  See Hanna v. Plumer, 380 U.S. 460, 465 (1965).  "The amenability of a foreign corporation to suit in a federal court in a diversity action [, however,] is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a

state's assertion of jurisdiction contravenes a constitutional guarantee." Arrowsmith v. United Press Int'l, 320 F.2d 219, 223 (2d Cir. 1963).  Therefore, New York law is used to determine whether personal jurisdiction may be exercised over defendant in this case.

## IV. DISCUSSION

B & B Texas claims that New York lacks personal jurisdiction over this action as it has no meaningful connections to New York.  In response, plaintiff maintains that New York may exercise personal jurisdiction over B & B Texas, a foreign subsidiary, due to its relationship with, and the activities conducted by, its parent, B & B Inc., in New York.  It contends that B & B Texas is "doing business" under CPLR § 301 or "transacting business" under CPLR § 302 in New York because (1) B & B Texas and B & B Inc. are engaged in such a relationship that gives rise to the valid inference of an agency relationship; or (2) B & B Texas is a "mere department" of B & B Inc.

### A. Personal Jurisdiction

It is well established that "the 'doing business' test does not subject a subsidiary corporation to personal jurisdiction simply because a state has jurisdiction over the parent, even if the parent is the sole shareholder of the subsidiary." Saraceno v. S.C. Johnson & Son, Inc., 83 F.R.D. 65, 67 (S.D.N.Y. 1979) (citing cases); see also Ross v. Colorado Outward Bound School, Inc., 603 F. Supp. 306, 310 (W.D.N.Y. 1985) (mere existence of "garden-variety" parent-subsidiary relationship is not sufficient to establish jurisdiction). Instead, "the presence of the parent company may serve as a basis of jurisdiction over the [foreign] subsidiary only if the parent is acting as the agent of the subsidiary or if the control by the parent over the subsidiary is so complete that the subsidiary is a 'mere department' of the parent." Schenck v. Walt Disney Co., 742 F. Supp. 838, 842 (S.D.N.Y. 1990) (citing Grill

- 5 -

v. Walt Disney Co., 683 F. Supp. 66, 69 (S.D.N.Y. 1988); Saraceno, 83 F.R.D. at 67).

Plaintiff advances both of these theories.

An agency relationship exists for jurisdictional purposes where one corporation

"does all the business which [the other corporation] could do were it here by its own officials."

Frummer, 19 N.Y.2d at 537.  This standard has been interpreted by the Second Circuit

> to mean that a foreign corporation is doing business in New York 'in the
> traditional sense' when its New York representative provides services
> beyond 'mere solicitation' and these services are sufficiently important to
> the foreign corporation that if it did not have a representative to perform
> them, the corporation's own officials would undertake to perform
> substantially similar services.

Gelfand v. Tanner Motor Tours, Ltd., 385 F.2d 116, 121 (2d Cir. 1967).

In attempting to establish the existence of an agency relationship between B & B

Texas and B & B Inc., plaintiff submits the following facts:  the two companies use

consolidated finance reporting; the B & B Inc. website lists the identical address of B & B

Texas as one of its "Retail Divisions" and also lists B & B Texas' president as B & B Inc.'s

representative at that address; when the problem concerning B & B Texas' issuance of

Oriska insurance certificates arose, B & B Inc. officials dealt with the situation, the two

companies are jointly represented and claim collectively to have been injured as parent and

subsidiary in related litigation on-going in Texas, and the B & B Inc. logo pervades B & B

Texas' correspondence, such as letterhead, with third parties.

While such facts indicate that B & B Texas and B & B Inc. do have a relationship,

they are insufficient for a prima facie showing of agency.  Plaintiff fails to offer facts showing

that B & B Inc. "does all the business which [B & B Texas] could do were it [in New York] by

its own officials."  See Frummer, 19 N.Y.2d at 537.  Therefore, since an agency relationship

- 6 -

has not been shown to exist between B & B Texas and B & B Inc., the existence of such a relationship cannot serve as a basis for jurisdiction over B & B Texas.

Alternatively, plaintiff contends that B & B Texas is a "mere department" of B & B Inc.  In order to determine whether B & B Texas is a "mere department" of B & B Inc., four factors must be considered:  (1) common ownership, which is essential; (2) the subsidiary's financial dependence on the parent corporation; (3) the degree to which the parent interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities; and (4) the degree of control over the marketing and operational policies of the subsidiary exercised by the parent.  See Jazini, 148 F.3d at 185; Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117, 120-22 (2d Cir. 1984).  The overall weighing of the various factors thus necessitates a balancing process, and not every factor need weigh entirely in the plaintiff's favor.  ESI, Inc. v. Coastal Corp., 61 F. Supp. 2d 35, 51-52 (S.D.N.Y. 1999).

Plaintiff claims B & B Texas is a "mere department" of B & B Inc. by stating that the two companies' financial and corporate affairs are intertwined, they are both held out to the public as related, and that they function in all relevant respects as a single entity.  These conclusory statements do not amount to a showing of common ownership, financial dependance, the degree of interference with the selection of executive personnel and observance of corporate formalities, and the amount of control exercised over marketing and operation policies.  See Jazini, 148 F.3d at 185.  B & B Texas cannot be held to be a "mere department" of B & B Inc. since plaintiff has failed to allege specific facts to meet the

standard for such a showing.[3]  Therefore, jurisdiction may not be exercised over B & B Texas as a "mere department" of B & B Inc.

Plaintiff has failed to establish under either of its theories that jurisdiction may be exercised over B & B Texas.  Plaintiff cannot show that B & B Inc. acted as B & B Texas' agent or that B & B Inc.'s control over it "is so complete that the subsidiary is a 'mere department' of the parent."  See Schenck, 742 F. Supp. at 842.

### B. Transfer of Venue

Although jurisdiction over B & B Texas has not been established, a district court may transfer an action under 28 U.S.C. § 1404(a) notwithstanding its lack of personal jurisdiction over the defendant.  Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962); Fort Knox Music, Inc. v. Baptiste, 257 F.3d 108, 112 (2d Cir. 2001).

"[D]istrict courts [have] discretion to transfer cases according to 'an individualized, case-by-case consideration of convenience and fairness.'"  Id. (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  In applying this standard, two inquiries must be made.  First, it must be determined "whether the action sought to be transferred is one that 'might have been brought' in the transferee court.  Second, the court must determine whether, considering the 'convenience of parties and witnesses' and the interest of justice, a transfer is appropriate.  Lynch v. Nat'l Prescription Adm'rs, No. 03 Civ.

---

[3]  Plaintiff had a two year period to conduct discovery concerning B & B Texas' relationship with B & B Inc.  During that period it merely served a set of interrogatories and a subpoena, both of which it withdrew before the due dates.  Since plaintiff had ample opportunity to conduct discovery, its conclusory allegations are not sufficient to establish jurisdiction.

1303(GBD), 2004 WL 385156, at *1 (S.D.N.Y. Mar. 1, 2004) (citing Wilshire Credit Corp. v.

Barrett Capital Mgmt. Corp., 976 F.Supp. 174 (W.D.N.Y.1997).

In deciding whether to transfer, courts have considered several private interest

factors, including:

> (1) the convenience of witnesses; (2) the location of relevant documents
> and relative ease of access to sources of proof; (3) the convenience of the
> parties; (4) the locus of operative facts; (5) the availability of process to
> compel the attendance of unwilling witnesses; (6) the relative means of
> the parties; (7) the forum's familiarity with the governing law; (8) the weight
> accorded the plaintiff's choice of forum; and (9) trial efficiency and the
> interest of justice, based on the totality of the circumstances.

Id. at *2 (citing MBCP Peerlogic LLC v. Critical Path, Inc., No. 02 Civ. 3310(SWK), 2002 WL

31729626, at *3 (S.D.N.Y.2002) (citing Constitution Reins. Corp. v. Stonewall Ins. Co., 872 F.

Supp. 1247, 1250 (S.D.N.Y.1995)). "There is 'no rigid formula for balancing these factors

and no single one of them is determinative.'" Id. (citing Citigroup, Inc. v. City Holding Co. and

City Nat'l Bank, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000). "Unless the balance of

convenience and justice weigh heavily in favor of defendant's proposed forum," the court

must defer to the plaintiff's choice of forum. Id. Additionally, the "defendant has the burden

of making out a strong case for a transfer." Filmline (Cross-Country) Prods., Inc. v. United

Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989) (quoting Ford Motor Co. v. Ryan, 182 F.2d

329, 330 (2d Cir. 1950)).

In applying the standard for transfer of venue, first, it must be acknowledged that

the instant action "might have been brought" in the Southern District of Texas as B & B

Texas is a Texas corporation with its principal place of business in Houston, Texas. See 28

U.S.C. § 1404(a). Second, the factors used to determine whether transfer is appropriate

- 9 -

must be examined.  See Lynch, 2004 WL 385156, at *2.  Consideration of these factors reveals that it is appropriate to transfer this action to Texas.

The first factor, the convenience of witnesses, "is considered the single most important factor in the analysis of whether a transfer should be granted."  Lynch, 2004 WL 385156, at *2 (citing Aerotel, Ltd. v. Sprint Corp., 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000)). Here, all of the non-party witnesses are located in Texas, including B & B Texas' current and former employees and the hundreds of injured customers who received certificates of insurance.  Therefore, this factor weighs heavily in favor of transfer.

The location of relevant documents and relative ease of access to sources of proof, which is the second factor, is rendered neutral "[i]n today's era of photocopying, fax machines and Federal Express."  See Coker v. Bank of America, 984 F. Supp. 757, 766 (S.D.N.Y. 1997).

The third factor, the convenience of the parties, weighs neither for nor against transfer.  Since plaintiff is located in New York and B & B Texas is located in Texas, it would seemingly be more convenient for plaintiff to remain in New York and B & B Texas to remain in Texas.  The parties have set forth no additional facts indicating that one jurisdiction would be more convenient than the other for any other reasons.

The fourth factor, the location of the operative facts, has traditionally been considered an important factor in deciding venue.  Mobile Video Servs., Ltd. v. National Ass'n of Broadcast Employees and Technicians, AFL-CIO, 574 F. Supp. 668, 670-71 (S.D.N.Y. 1983).  Here, all of the operative facts relevant to plaintiff's claims, i.e., the fraudulent issuance of insurance certificates that allegedly damaged plaintiff, took place in Texas. Therefore, this factor weighs in favor of transfer.

The availability of process to compel the attendance of unwilling witnesses, the fifth factor, also weighs in favor of transfer.  As stated above, essentially all of B & B Texas' witnesses are located in Texas.  Since they potentially may be unwilling to testify in New York, the Southern District of Texas' subpoena power would ensure such witnesses' availability at trial.

The sixth factor, the relative means of the parties, is considered when determining venue "[w]here a disparity exists between the means of the parties."  Lynch, 2004 WL 385156, at * 4.  There is no indication in the record that there is any disparity between the means of the parties.  Therefore, this factor is neutral.

In addressing the seventh factor, the forum's familiarity with the governing law, the underlying claims of this action must be considered.  This case involves both federal and state law claims and will turn on whether B & B Texas made misrepresentations to customers in Texas concerning the sale Oriska's insurance certificates.  The Southern District of Texas will likely be more familiar with Texas law, which will apply to any state law claims brought by plaintiff.  Therefore, this factor weighs in favor of transfer.

The weight accorded the plaintiff's choice of forum, which is the eighth factor, requires the plaintiff's choice of forum to be given considerable weight unless there is little connection between the forum and the facts.  Lynch, 2004 WL 385156, at *5.  Here, there is virtually no connection between New York and the allegedly fraudulent issuance of plaintiff's insurance certificates.  The only possible connection is plaintiff's presence in New York, which is irrelevant when considering that the action is based on the allegedly fraudulent sale of insurance certificates in Texas.  Additionally, three of the four entities that plaintiff complains of are located in Texas and there are already three actions pending in state court

- 11 -

in Texas concerning the same dispute where plaintiff and B & B Texas are parties. Therefore, this factor does not weigh against transfer.

The ninth factor, trial efficiency and the interest of justice, "is a broad concept that requires the court to consider the totality of the circumstances presented." Id. at *6. B & B Texas maintains that the State of Texas has a public interest in seeing plaintiff's claim litigated there as they concern unlawful practices concerning the selling of insurance in Texas. Additionally, the record does not indicate that trial in New York or Texas will be more efficient. Therefore, this factor does not weigh against transfer.

Although several of the preceding factors remain neutral for making a determination on whether transfer is appropriate, the two most important factors indicate that transfer is proper. Since Texas is the most convenient forum for the witnesses and is also where virtually all of the operative facts are located, this action will be transferred.

V. **CONCLUSION**

Oriska has failed to establish that B & B Texas and B & B Inc. are engaged in a relationship such that personal jurisdiction may be exercised over B & B Texas pursuant to CPLR §§ 301 or 302. Therefore, B & B Texas' motion to dismiss for lack of personal jurisdiction must be granted. However, it is appropriate to transfer this action to the Southern District of Texas.

Accordingly it is

ORDERED that

1. Defendant Brown & Brown of Texas Inc.'s' motion to dismiss for lack of personal jurisdiction is GRANTED;

- 12 -

2.  Defendant Brown & Brown Inc.'s motion to dismiss for failure to state a claim is DENIED, without prejudice;

3.  Defendants Brown & Brown of Texas, Inc. and Brown & Brown Inc.'s request to transfer venue to the Southern District of Texas is GRANTED; and

4.  Plaintiff Oriska Insurance Company's motion for further discovery as to the issue of jurisdiction is DENIED as moot.

The Clerk is directed to transfer the file to the Southern District of Texas.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   April   8, 2005
         Utica, New York.